UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARREN SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF QUINCY; WILLIAM GONZALES; and SCOTT JONES,<br><br>    Defendants. | NO:  CV-09-328-RMP<br><br>ORDER ON PLAINTIFF'S MOTION TO ALTER JUDGMENT |

Before the Court is Plaintiff's Motion to Alter Judgment (Ct. Rec. 160).  The parties also disagree about the bill of costs in this suit (Ct. Rec. 157-159; Ct. Rec. 162).  Previously, the Court granted Defendants' motion for summary judgment and declined to exercise supplemental jurisdiction on the remaining state law claims (Ct. Rec. 153).

**A.  Motion to Alter Judgment**

**Background**

In his response to Defendants' motion for summary judgment, Plaintiff argued that the City of Quincy retaliated against him after he made a public records

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

request.[1] Defendants interpreted this claim as an adverse employment reaction claim and responded that Plaintiff had a causation flaw, as the alleged adverse employment action occurred after resignation. The Court agreed.

Plaintiff principally relied on *Blair v. Bethel School Dist.*, 608 F.3d 540, 543 (9th Cir. 2010). The plaintiff in *Bethel School Dist.* brought a retaliation suit for exercising his First Amendment rights because he was removed from a board *after* criticizing a superintendent. *Id.* at 543. Defendants contend that Plaintiff's argument had a causation flaw because a party does not have a viable First Amendment retaliatory claim for actions that occur after termination. The Court agreed and referenced *Calhoun v. Liberty Northwest Ins. Corp.*, 789 F.Supp. 1540, 1548 (W.D.Wash. 1992), where the court found that a complaint filed a month

---

[1] More than a half of a year after leaving his employment at the City of Quincy and while employed as an officer of the Grant County Sheriff's Office, Plaintiff personally served the City of Quincy with public records requests relating to his previously filed safety concerns (Ct. Rec. 57 at 10). That same day, Chief Gonzales issued a memo to all personnel stating that he felt that Plaintiff Smith's "presence causes an uncomfortable environment and a safety issue for my personnel" and directing that "he is to go no further than the information window of our office and not behind any locked doors" (Ct. Rec. 57-4 at 85).

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2

after a plaintiff's termination could not be the basis for a retaliatory action because there is no causal connection between the protected activity and any adverse action by the defendants.[2]

**Applicable Law**

A motion to alter judgment is brought under Federal Rule of Civil Procedure 59(e). *Miller v. Transamerican Press, Inc.,* 709 F.2d 524, 527 (9th Cir. 1983). An amendment to a judgment is appropriate under Federal Rule of Civil Procedure 59(e) if: (1) there has been an intervening change of controlling law; (2) the district court is presented with newly discovered evidence; or (3) the district court committed clear error or made an initial decision that was manifestly unjust. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001), citing, *School Dist. No. 1J, Multnomah Co., Oregon v. ACandS*, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The Ninth Circuit has recognized that in the interests of finality and conservation of judicial resources, Rule 59(e) is an extraordinary remedy that is used sparingly. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *McDowell v. Calderon*, 197 F.3d 1253, 1255, n. 1 (9th Cir. 1999). Newly discovered evidence must have been previously unavailable. *Zimmerman v.*

---

[2] *Calhoun* was cited by Defendants in their memorandum in support of their motion for summary judgment (Ct. Rec. 26 at 8). Plaintiff did not address the case.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

*City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Clear error occurs when a court's decision or action appears to have been "unquestionably erroneous." BLACK'S LAW DICTIONARY, 8th Edition, 2009, p. 622. Similarly, manifest injustice is defined as an error in the trial court that is "direct, obvious, and observable . . . ." *Id*. p. 1048.

## Discussion

In his present motion, Plaintiff does not assert any change in controlling law. Plaintiff does not present newly discovered evidence. Plaintiff does not claim that the Court committed clear error. Rather, Plaintiff states that he "has not adequately explained how [*Calhoun v. Liberty Northwest Ins. Corp.,* 789 F. Supp. 1540, 1548 (W. D. Wash. 1992)] is inapplicable to the case at bar" (Ct. Rec. 160 at 2).

Additionally, Plaintiff now concedes that he could not have suffered an adverse employment action when Chief Gonzales issued his memo, but Plaintiff claims he still can pursue a claim for retaliation for exercising his right to free speech as a private citizen. He again cites *Blair v. Bethel School Dist*., 608 F.3d 540, 543 (9th Cir. 2010), for the elements.

> [P]laintiff must prove: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4

(*Id*).

Defendants respond to Plaintiff's current motion by arguing that Plaintiff fails to meet the requirements of a motion to alter a judgment. Defendants further claim that even if the Court considers the motion on its merits, it would still fail (Ct. Rec. 163 at 5).

The Court agrees again with Defendants. Plaintiff has not claimed any change in controlling law, presented newly discovered evidence, or claimed that the Court committed clear error. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Accordingly, Plaintiff's motion to alter judgment fails.

Assuming *arguendo* that Plaintiff had met this burden, the motion would fail on its merits. The second element of *Blair* has not been met with the facts that Plaintiff has alleged: Chief Gonzales' memo does not rise to a sufficient level to chill an ordinary person's First Amendment rights. *Blair*, 608 F.3d at 544-46. This is especially true where the memo was posted in the officer's quarters in the back of the police station, and where Plaintiff continued to make public records request after the memo was posted (Ct. Rec. 163 at 7).

**B. Bill of Costs**

On February 15, 2011, the Court filed an order directing entry of judgment. In that order, the Court directed the Clerk of Court to enter judgment "without costs to any party" (Ct. Rec. 154). Nevertheless, Defendants filed a proposed bill

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5

of costs with an accompanying declaration (Ct. Rec. 157, 158) and Plaintiff filed an objection (Ct. Rec. 162). The Court uses its discretion under Fed. R. Civ. P. 54(d) and reaffirms its previous order to the Clerk of Court to enter judgment without costs to any party because of the facts of the case and Plaintiff's remaining state-law claims. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion to Alter Judgment (**Ct. Rec. 160**) is **DENIED**. The District Court Executive is directed to file this Order, provide copies to counsel. The case is to **remain closed**.

**DATED** this 4th day of April, 2011.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court Judge

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6